UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

A. MARK HUBER,

                Plaintiff,

                                            **Hon. Hugh B. Scott**

        v.                                  04CV694A

                                            **Report**
                                            **and**
JO ANNE B. BARNHART, Commissioner of      **Recommendation**
Social Security,

                Defendant.
_____

      Before the Court are the parties' respective motions for judgment on the pleadings (Docket Nos. 12 (defendant), 14 (plaintiff)).

## INTRODUCTION

      This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security that plaintiff is not disabled and, therefore, is not entitled to disability insurance benefits and/or Supplemental Security Income benefits.

## PROCEDURAL BACKGROUND

      The plaintiff, A. Mark Huber ("Huber" or "plaintiff"), filed an application for disability insurance and supplemental security income benefits on March 29, 1999, and applied again on May 11, 2001. These applications were denied initially and upon reconsideration. The plaintiff appeared before an Administrative Law Judge ("ALJ"), who considered the case de novo, consolidated the two applications, and concluded, in a written decision dated October 23, 2002, that the plaintiff was not disabled within the meaning of the Social Security Act. The ALJ's

decision became the final decision of the Commissioner on July 16, 2004 (R. 608[1]), when the Appeals Council denied plaintiff's request for review.

Plaintiff commenced this action on August 30, 2004 (Docket No. 1). The parties moved for judgment on the pleadings (Docket Nos. 12, 14). The motions were argued and submitted on May 20, 2005 (Docket No. 18).

## FACTUAL BACKGROUND

Plaintiff was born in 1968 and has a high school diploma and an associate's degree (R. 27). He last worked as a cook and restaurant manager. Since the onset of his medical condition, he has worked part-time as a pizza cook in sheltered work activity and not deemed to be gainful employment for Social Security purposes (R. 27).

## MEDICAL AND VOCATIONAL EVIDENCE

Plaintiff alleged different onset dates, but the ALJ accepted the earlier March 1, 1999, date (R. 26). Since that date, plaintiff has several medically determinable severe impairments: vitreous hemorrhages, cataracts, Type I diabetes, diabetic retinopathy, left eye blindness, obsessive compulsive disorder, and a history of kidney stones (R. 27-28). Plaintiff had eye surgery in 1997. His treating physician, Dr. Carlson, later noted that plaintiff was not taking his insulin and did not change his diet and alcohol habits. Plaintiff suffered insulin reactions and hemorrhaging in his eye. Dr. Carlson recommended a residual functional capacity that restricted plaintiff's work to extremely limited sedentary work (R. 867-70). Dr. Antonucci, plaintiff's

---

[1] References noted as "(R.___)" are to the certified record of the administrative proceedings.

2

treating ophthalmologist, also found that plaintiff was limited to sedentary work that did not involve lifting more than 10 pounds (R. 830-34, see id. 765-68).

The ALJ found that these impairments were not severe enough to meet or medically equal the regulation's listed impairments (R. 28). The ALJ also found that the medical evidence was generally inconsistent with plaintiff's claimed limitations and disability and that he has not suffered from severe impairments that have disabled or prevented him from engaging in substantial gainful activity (id.). The ALJ discounted plaintiff's subjective complaints of pain. The ALJ noted that the treating and evaluation physicians noted that plaintiff did not have any exertional, push/pull or other limitations, his diabetes was under control, and that his vision was adequate (id. at 28, 29). The ALJ discounted treating physician Dr. Carlson's February 13, 2001, statement (id. at 867) and the statement of treating ophthalmologist, Dr. Antonucci, of March 8, 2001 (id. at 1027), as being inconsistent with the medical record before him (id. at 29, 28), while crediting other parts of their evaluations (see id. at 28). The ALJ concluded that the evidence was inconsistent with plaintiff's contention of disability (id. at 29).

The ALJ found that plaintiff's present part-time work as a pizza cook requires him to read orders and plaintiff was able to read the clock on the hearing room wall during the hearing (id. at 29). Plaintiff was able to carry packages, visit friends, dress and bathe himself, and lift objects up to fifteen pounds (id.).

The ALJ next found that plaintiff had a residual functional capacity that he could lift objects only up to ten pounds, sit for no more than six hours per workday, and walk or stand for no more than two hours per workday (id. at 30). The ALJ noted plaintiff's non-exertional limitations that he had a fifty percent field of vision but able to read and distinguish small objects

at a distance (id.).  Plaintiff was unable to be exposed to visual irritants.  He also was unable to bend, crawl, squat, stoop or work at unprotected heights.  The ALJ noted that he was susceptible to mild insulin reactions.  (Id.)

The vocational expert was posed with a hypothetical that the ALJ argues was similar to plaintiff's situation.  The expert from the second hearing opined that plaintiff could perform unskilled jobs as a general officer clerk or order clerk, occupations with jobs in this region and nationally (id. at 31; R. 651), thus plaintiff was found not to be disabled under the relevant Social Security regulations (R. 33).

## DISCUSSION

The only issue to be determined by this Court is whether the ALJ's decision, that the plaintiff was not disabled, is supported by substantial evidence.  See 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991).  Substantial evidence is defined as "'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938)).

*Standard*

For purposes of both supplemental security income and disability insurance benefits, a person is disabled when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The plaintiff bears the initial burden of showing that his impairment prevents him from returning to her previous type of employment. Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." Id.; see also Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir. 1983); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

In order to determine whether the plaintiff is suffering from a disability, the ALJ must employ a five-step inquiry:

> (1) whether the plaintiff is currently working;
>
> (2) whether the plaintiff suffers from a severe impairment;
>
> (3) whether the impairment is listed in Appendix 1 of the relevant regulations;
>
> (4) whether the impairment prevents the plaintiff from continuing his past relevant work; and
>
> (5) whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; Berry, supra, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends.

20 C.F.R. §§ 404.1520(a) & 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). However, it should be noted that the ALJ has an affirmative duty to fully develop the record. Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

In order to determine whether an admitted impairment prevents a claimant from performing his past work, the ALJ is required to review the plaintiff's residual functional capacity and the physical and mental demands of the work he has done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). When the plaintiff's impairment is a mental one, special "care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g. speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work." See Social Security Ruling 82-62 (1982); Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994). The ALJ must then determine the individual's ability to return to his past relevant work given his residual functional capacity. Washington, supra, 37 F.3d at 1442.

*Application*

This Court reviews the factual findings of the Commissioner only to determine if the administrative record contains substantial evidence–that is, relevant evidence as a reasonable mind might accept as adequate to support a conclusion–for the Commissioner's findings; if there is substantial evidence to support those findings, they are conclusive. 42 U.S.C. § 405(g); Brown v. Apfel, 174 F.3d 59, 61-62 (2d Cir. 1999). The Commissioner's decision must be upheld if there is substantial evidence supporting it even if there is also substantial evidence in support of petitioner. See Perez v. Chater, 77 F.3d 41, 46-47 (2d Cir. 1996).

In the instant case, plaintiff argues that the ALJ posed a hypothetical to the vocational expert that did not reflect plaintiff's condition. The ALJ also disregarded plaintiff's required repeated treatment and absences due to insulin reactions, that would preclude prolonged employment. Plaintiff also faults the ALJ for ignoring the findings of plaintiff's treating physician. As a result, plaintiff concludes that this Court should remand to the Commissioner to determine the amount of benefits.

The Commissioner replies generally that the ALJ's findings were supported by substantial evidence in the record. Plaintiff's medical record indicated that he was not complying with his doctors' orders regarding diet, abstaining from alcohol, and receiving insulin to control his diabetes. The treating physicians' conclusions were deemed by the ALJ as being contrary to the balance of the medical record. The ALJ found that plaintiff could perform sedentary work, but with limitations.

The ALJ, however, dismissed the findings of plaintiff's treating physician and ophthalmologist as being inconsistent with the rest of the medical record. Under the Social Security regulations, the ALJ had to evaluate "every medical opinion" received. 20 C.F.R. § 404.1527(d). The treating physician's opinion is given more weight than other medical opinions (such as from consultative examinations like the examiners with the Workers Compensation Board) and, if found to be well supported "by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [petitioner's] case record," that opinion will be given controlling weight. Id. When not giving a treating physician's opinion controlling weight, the ALJ must consider certain factors (such as length of treatment, nature and extent of treatment relationship, supportability of opinion, and

consistency to the record as a whole) to disregard that opinion. Id. § 404.1527(d)(2)(I), (ii), (3), (4); see id. § 404.1527(d)(5)-(6). The ALJ in this case, however, did not conduct that analysis to justify disregarding Drs. Carlson's and Antonucci's opinions, arguing only that the doctors' opinions were inconsistent with the medical record as a whole, see 20 C.F.R. § 404.1527(d)(4). Under Social Security regulations, the ALJ had to consider the medical opinion from treating physicians and, if discounting that opinion, review various factors to justify discounting that opinion. 20 C.F.R. § 404.1527(d); see Clark v. Commissioner of Social Security, 143 F.3d 115, 118 (2d Cir. 1998); Schaal v. Apfel, 134 F.3d 496, 503-05 (2d Cir. 1998). Thus, this case should be remanded to the ALJ to consider Drs. Carlson and Antonucci's opinions and apply the regulatory factors to determine whether to give them controlling weight or not.

      The ALJ, instead, focused upon plaintiff's ability to lift weight and other physical and personal activities, without considering whether he could perform them over a full eight-hour work day. The rest of the medical record indicates numerous qualifications for what work plaintiff can perform. For example, Dr. Prawak recommended plaintiff not engage in prolonged reading (R. 769); state agency physician Dr. Eales recommended avoidance of exposure to hazards and driving (R. 773-76); another state agency doctor Dr. Miller recognized that plaintiff had some visual limitations (R. 842); and Dr. Akman, a consultative examining physician, found that plaintiff was mildly limited in performing heavy lifting, pushing, pulling and alike from the advise of his ophthalmologist (R. 411).

      The ALJ relied upon the conclusions of the vocational expert based upon hypotheticals posed by the ALJ. Plaintiff faults these hypotheticals since they did not describe his situation. The ALJ discounted the expert's finding that plaintiff's medically related tardiness or absences

would limit his ability to hold the jobs the expert identified that he could have otherwise performed (see R. 651-52). The hypothetical posed that the subject could work at a job where he could distinguish fine and small objects from a distance, sufficient to being able to read (R. 650). This hypothetical did not factor in Dr. Prawak's report that plaintiff should avoid prolonged reading.

There has to be substantial evidence to support the assumptions included within a hypothetical posed to a vocational expert in order for the ALJ then to rely upon that expert's opinion based upon that hypothetical. Dumas, supra, 712 F.2d at 1554. Here, the ALJ posed hypothetical facts that were not plaintiff's situation.

A new hearing to adduce new evidence to establish plaintiff's ability to work would be futile, absent a showing by the Commissioner of good cause, see Balsmo v. Chater, 142 F.3d 74, 82 (2d Cir. 1998).

## **CONCLUSION**

For the foregoing reasons, this Court recommends that the decision of the Commissioner be **REVERSED** and this matter be REMANDED for further administrative proceedings to determine the amount of benefits plaintiff is entitled to. Defendant's motion for judgment on the pleadings (Docket No. 12) should be **denied** and plaintiff's motion for similar relief in his favor (Docket No. 14) should be **granted**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy to the Report & Recommendation to all parties.

**Any objections to this Report & Recommendation *must* be filed with the Clerk of this Court *within ten (10) days* after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a).  <u>Failure to file objections to this report & recommendation within the specified time or to request an extension of such time waives the right to appeal any subsequent district court's order adopting the recommendations contained herein.</u>**  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>F.D.I.C. v. Hillcrest Associates</u>, 66 F.3d 566 (2d Cir. 1995); <u>Wesolak v. Canadair Ltd.</u>, 838 F.2d 55 (2d Cir. 1988).

The District Court on *de novo* review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See <u>Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **<u>Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.</u>**

So Ordered.

                                                s/HBS
                                     Hon. Hugh B. Scott
                               United States Magistrate Judge

Buffalo, New York
July 21, 2005